BLAU | KEANE LAW GROUP, P.C.
David S. Blau (Bar No. 166825)
Amanda M. Stewart (Bar No. 269747)
128 Center Street
El Segundo, California 90245
(310) 410-1900 phone - (310) 410-1901 fax
david@blaulaw.net
amanda@blaulaw.net

Attorneys for Plaintiff UNITED SPECIALTY
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NAVIGATORS SPECIALTY INSURANCE COMPANY; AND DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO. 2:20-CV-03449** <br><br> **COMPLAINT FOR:** <br><br> **(1) Declaratory Relief (Defense Expense);** <br> **(2) Declaratory Relief (Indemnity);** <br> **(3) Equitable Contribution (Defense Expense);** <br> **(4) Equitable Indemnity (Defense Expense)** <br><br> **JURY DEMAND** |

Plaintiff United Specialty Insurance Company, a Delaware Corporation (hereinafter referred to as "Plaintiff" or "USIC") alleges as follows:

### JURISDICTION

1.      Plaintiff is a Delaware corporation, having its principal place of business in the State of Texas and authorized to do business in the State of California. Plaintiff is wholly owned by State National Insurance Company, incorporated in the State of Texas with its principal place of business in Texas.

2.      USIC is informed and believes and based thereon alleges that Defendant Navigators Specialty Insurance Company ("Navigators") is a New York corporation, having its principal place of business in the State of Connecticut and authorized to engage in the business of insurance in the State of California.

3.      The true names and capacities of defendants sued in this action as DOES 1 through 10, inclusive, and each of them, whether they are individuals, partnerships, limited partnerships, limited liability companies, trusts, or otherwise, are unknown to Plaintiff at this time. Therefore, Plaintiff sues each such defendant by such fictitious name.  Plaintiff shall seek leave of the court to amend this complaint to include the true names and capacities of these DOE defendants when their names have been ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that defendants DOES 1 through 10, inclusive, and each of them, along with the named defendant, are jointly and severally liable to Plaintiff for the acts and occurrences described herein.

5.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, the named defendants and the DOE defendants (collectively, the "Defendants") were the agents, employees and/or co-conspirators of the other Defendants, or were otherwise responsible for all of the acts and occurrences hereinafter alleged, and that such acts were duly ratified by one or more of the

Defendants, with one or more of the Defendants acting as an agent of the other Defendants and within the scope of his, her or its agency.

6.     This Court has original jurisdiction under 28 U.S.C. section 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds $75,000 and represents costs incurred by Plaintiff in connection with the defense and indemnity of a common insured, Vincent Enterprises, Inc. in connection with an underlying lawsuit, entitled *The Irvine Company, LLC, v. Western National Contractors, et al.*, Orange County Superior Court Case No. 30-2016-00871910-CU-CD-CXC (herein referred to as the "Underlying Action").   The Court has diversity jurisdiction as USIC is domiciled in Texas and Navigators is domiciled in New York.

## VENUE

7.     USIC is informed and believes and thereon alleges that many of the acts and omissions at issue in this litigation took place throughout the State of California and/or within this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

8.     USIC issued the general liability policy number BTO1517468, effective January 31, 2015, through June 1, 2016, to Vincent Enterprises, Inc. and Summit Plastering ("Vincent").

9.      Based upon information and belief, Navigators issued general liability policy number SF13CGL019363-00, effective June 1, 2013, through January 31, 2015, to Vincent (including Summit Plastering as a Named Insured).

10.     USIC agreed to defend Vincent in connection with the Underlying Action under reservation of USIC's rights, and has thus far paid defense expense pursuant to the USIC policy issued to Vincent, a common insured with Navigators, in excess of $40,000.  USIC continues to incur defense expense.  The matter was tendered to Navigators on behalf of USIC, Vincent, and other insurance carrier(s), and Navigators denied coverage and all demands to participate in the defense and/or indemnity of Vincent in connection with the Underlying Action.

11.     The Underlying Action involves allegations of construction defects and related damage, including those arising from the work of Vincent (stucco subcontractor) at and in connection with the "Enclave" apartment complex located at 400 Enclave Circle, in Costa Mesa, California ( the "Project").  Plaintiff is informed and believes that the Project is owned by The Irvine Company LLC ("TIC"), and consists of 890 apartment units in 46 buildings, and numerous other structures including garages, recreation buildings, trash enclosures, retaining walls, cabanas, maintenance, and pool buildings.  Western National Contractors ("WNC") was the general contractor for the original construction of the Project, and Summit Plastering (referred to herein as "Vincent") was contracted on or about August 26, 2016, to provide the necessary materials and labor to install the stucco at the Project.

12.     Based upon information and belief, the potential liability exposure of Vincent in connection with the Underlying Action is well in excess of $500,000, and the current settlement demand to Vincent in the Underlying Action is $1,100,000. Plaintiff has demanded that Navigators agree to contribute to the indemnity (settlement) of the Underlying Action along with Plaintiff (in addition to participating in the defense of Vincent) and Navigators has refused to do so.

13.     Based upon information and belief, Navigators refused to pay defense and indemnity on grounds including, but not limited to, the ground that the Navigators' policy includes a Form ANF ES 164 10 12 - Amended, titled "Exclusion – Prior Completed, Abandoned or Terminated Work" which, in part, precludes coverage for work completed by Vincent prior to the inception of the Navigators Policy on June 1, 2013 (herein referred to as the "PWE").  Per the express terms of Form ANF ES 164 10 12 - Amended, the PWE applies to residential work completed by Vincent, only.  The Underlying Action involved an apartment complex, which is commercial, not residential, under the Navigators' policy, as reflected in other parts of the Navigators policy.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF RE: DEFENSE EXPENSE

### (As Against Navigators, and Does)

14.     USIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

15.     USIC has sustained and continues to sustain, substantial pecuniary loss in connection with the defense of Vincent, a common insured with Navigators, with respect to the Underlying Action.

16.     An actual, present and justiciable controversy has arisen and now exists between USIC and Navigators concerning each carrier's respective rights, duties and obligations in connection with the defense expense paid by USIC as follows:

USIC contends that, pursuant to the terms of the Navigators policy (identified above), Navigators is required to defend Vincent in connection with the Underlying Action, and to reimburse USIC for expense paid in defense of Vincent in the Underlying Action. Navigators has denied, and continues to deny, that it has any obligation to defend Vincent or any other insured, or to reimburse USIC, for this expense.

17.     USIC contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their defense obligations under their policies and in connection with the claims asserted in the Underlying Action.

18.     An actual, present and justiciable controversy has arisen between USIC and Navigators regarding their respective duties to each other in connection with the Underlying Action.

19.     By reason of the foregoing, a judicial determination of the parties' respective duties under their policies in connection with the Underlying Action is both necessary and proper.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF RE: INDEMNITY PAYMENTS

### (As Against Navigators, and Does)

20.     USIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

21.     USIC, as a defending carrier in California, has an obligation to settle the Underling Action reasonably and within policy limits, if and when possible. USIC is now faced with potential substantial pecuniary loss in connection with indemnity payments (settlement) to be made pursuant to the USIC policy issued to Vincent with respect to the Underlying Action.

22.     An actual, present and justiciable controversy has arisen and now exists between USIC and Navigators concerning each carrier's respective rights, duties and obligations in connection with the indemnity of Vincent under the policies issued to USIC and Navigators as follows:

USIC contends that, pursuant to the terms of the Navigators policy (identified above), Navigators is required to contribute to and/or reimburse USIC for any sums incurred in connection with the indemnity of Vincent pursuant to policies issued to Vincent in

connection with the Underlying Action.  Navigators has denied, and continues to deny, that it has any obligation to indemnify Vincent or any other insured, to contribute to any settlement or other indemnity payment, or to reimburse USIC for any indemnity payment.

23.    USIC contends that a declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their indemnity obligations under their policies, and in connection with the claims asserted in the Underlying Action.

24.    An actual, present and justiciable controversy has arisen between USIC and Navigators regarding their respective duties to each other in connection with the Underlying Action.

25.    By reason of the foregoing, a judicial determination of the parties' respective duties under their policies in connection with the Underlying Action is both necessary and proper.

## THIRD CAUSE OF ACTION

## EQUITABLE INDEMNITY: RE DEFENSE EXPENSE

### (As Against Navigators, and Does)

26.    USIC incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

27.    As set forth with more particularity above, USIC paid for defense expense pursuant to policies issued to Vincent, a USIC and Navigators common

insured, in the Underlying Action (identified above) pursuant to full and complete reservation of rights.

28.     Although Navigators was and is obligated to pay for the defense expense paid by USIC, upon information and belief Navigators failed to do so based, at least in part, on its wrongful position that the PWE made part of the Navigators' policy, which is limited to residential operations of Vincent, applies to preclude coverage in connection with the Underlying Action, which involves Vincent's completed work at an apartment complex, despite other provisions of the Navigators' policy which define or describe apartments as commercial.

29.     USIC is, therefore, entitled to equitable indemnification from Navigators for reimbursement of defense payments made pursuant to policies issued to Vincent, a Common Insured of USIC and Navigators, in the Underlying Action.

## FOURTH CAUSE OF ACTION

### EQUITABLE CONTRIBUTION RE: DEFENSE EXPENSE

### (As Against Navigators, and Does)

30.     USIC incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

31.     As set forth with more particularity above, USIC paid for defense expense pursuant to a policy issued to Vincent, a common insured of USIC and Navigators, in connection with the Underlying Action (identified above) pursuant to full and complete reservation of rights.

32.     Although Navigators was obligated to pay for a share of this defense expense, based on information and belief Navigators failed to do so based, at least in part, on its wrongful position that the PWE made part of the Navigators' policy, which is limited to residential operations of Vincent, applies to preclude coverage in connection with the Underlying Action, which involves Vincent's completed work at an apartment complex, despite other provisions of the Navigators' policy which define or describe apartments as commercial.

33.     The doctrine of equitable contribution permits USIC to seek reimbursement from Navigators for equitably allocated shares of expense paid by USIC pursuant to a policy issued to Vincent, a common insured of USIC and Navigators, in connection with the Underlying Action.

34.     Therefore, USIC is entitled to equitable contribution from Navigators.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

### On the First Cause of Action

1.     For a declaration that Navigators is required to reimburse USIC for expense paid in defense of Vincent, a common insured of USIC and Navigators in the Underlying Action; and

2.     For such other and further relief as the court may deem just and proper.

COMPLAINT

### On the Second Cause of Action

1. For a declaration that Navigators has a  duty to indemnify Vincent in connection with the Underlying Action under the Navigators policy issued to Vincent; and

2. For such other and further relief as the court may deem just and proper.

### On the Third Cause of Action

1. For equitable indemnification from Navigators in an amount equal to an equitably allocated share of sums expended by USIC in connection with defense of the Underlying Action, including reasonable investigative costs, attorneys' fees and associated costs;

2. For an award of prejudgment interest;

3. For costs of suit herein; and

4. For such other and further relief as the court may deem just and proper.

### On the Fourth Cause of Action

1. For equitable contribution from Defendants in an amount equal to an equitably allocated share of the sums expended by USIC in connection with defense of Vincent, a common insured of USIC and Navigators, in the Underlying Action, including reasonable investigative costs, attorneys' fees and associated costs;

2. For an award of prejudgment interest;

3.    For costs of suit herein; and

4.    For such other and further relief as the court may deem just and proper.

DATED: April 14, 2020          Respectfully submitted,


                                        BLAU | KEANE LAW GROUP, P.C.

                                        By:    _____/s/ David S. Blau_____
                                               David S. Blau
                                               Amanda M. Stewart
                                               Attorneys for Plaintiff UNITED
                                               SPECIALTY INSURANCE
                                               COMPANY